**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Horace SMITH, Defendant—Appellant.**

No. 05–10398.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2006.

Decided July 5, 2006.

Brian Pugh, Las Vegas, NV, for Plaintiff–Appellee.

Horace Smith, Beaumount, TX, pro se.

Before: B. FLETCHER, KOZINSKI, and FISHER, Circuit Judges.

MEMORANDUM *

Horace Smith appeals from the district court's revocation of his supervised release. He argues that his due process right to confrontation was violated by the admission of hearsay evidence at his revocation hearing and that the district court plainly erred in allowing the prosecutor to discuss an ongoing investigation in another jurisdiction during sentencing. We find Smith's arguments without merit and affirm the district court's revocation of his supervised release and resulting sentence.[1]

## I.

"[A] due process standard is used to determine whether hearsay evidence admitted during revocation proceedings violates a defendant's rights." *United States v. Hall,* 419 F.3d 980, 985 (9th Cir.2005). Where a releasee's right to confrontation is implicated, the court must employ the *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), balancing test—weighing the releasee's "right to confrontation against the Government's good cause for denying it." *United States v. Martin,* 984 F.2d 308, 310 (9th Cir.1993).

Appellant had the opportunity to confront Robin Brown, the source of the hearsay in Probation Officer Corniel's testimony, the district court's failure to undertake *Morrissey* balancing was harmless. Similarly, even without HUD Agent Grillo's testimony about Baldenegro's admissions, there was sufficient non-hearsay evidence to support the court's finding that Appellant had violated the terms of his supervised release.

## II.

The prosecution made improper comments about an ongoing investigation in Texas into potential mortgage fraud by Appellant. Objection to it was not raised before the district court. We find no plain error because the record is clear that the district court recognized that it should not consider the prosecutor's statement in determining Appellant's sentence. Although we find the prosecutor's comments inappropriate, the district court clearly did not take them into account. *Cf. United States v. Caperell,* 938 F.2d 975, 980 (9th Cir. 1991).

## III.

We AFFIRM the district court's revocation of Smith's supervised release and the sentence imposed.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we recite them only as necessary.